UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

IN RE:

CHARLES LEE GILLENWATER

NO: 1:17-cv-00493-SAB
1:17-cv-00511-SAB
2:17-cv-00478-SAB
2:17-cv-00484-SAB

**ORDER DECLARING CHARLES LEE GILLENWATER A VEXATIOUS LITIGANT; SETTING UP MISCELLANEOUS FILE**

By previous Order, the Court directed Charles Lee Gillenwater to Show Cause as to why he should not be declared a vexatious litigant.[1] Mr. Gillenwater filed a timely response to the Show Cause Order.[2]

Here, the Court finds it is appropriate to impose pre-filing restrictions. A review of Mr. Gillenwater's recent filings demonstrate that he is in the habit of filing harassing and duplicative lawsuits for which he does not have an objective good faith expectation of prevailing and his actions are placing an unnecessary burden on the court staff.

//

---

[1] 2:17-cv-00478-SAB, ECF No. 15; 2:17-cv-00484-SAB, ECF No. 15; 1:17-cv-00493-SAB, ECF No. 15; 1:17-cv-00511-SAB, ECF No. 12.

[2] 2:17-cv-00478-SAB, ECF No. 17; 2:17-cv-00484-SAB, ECF No. 16; 1:17-cv-00493-SAB, ECF No. 16; 1:17-cv-00511-SAB, ECF No. 13.

**ORDER DECLARING CHARLES LEE GILLENWATER A VEXATIOUS LITIGANT; SETTING UP MISCELLANEOUS FILE ~ 1**

**1:17-cv-00433-SAB**

*Gillenwater v. Candy W. Dale*

In this case, Mr. Gillenwater sought monetary damages in the amount of $100 million. He accused Magistrate Judge Dale of committing criminal acts "when she abused her discretion, by failing to employ rule of reason analysis prior to issuing an order which could be reviewed for abuse of discretion." ECF No. 2. He asserts that Magistrate Judge Dale demonstrated "a deliberate and willful determination to use Congressional statues to deprive fundamental constitutional rights or peripheral due processing rights," violating certain criminal statutes. *Id.* He asked that he be assigned "to act as the prosecution in all future criminal trials of [M]agistrate Judge Dale, related to these accusations." At the same time, he filed the following motions: (1) Motion to Acknowledge the Complaint is a Petition to the Government for the Redress of Grievances, ECF No. 3; (2) Motion to Employ the Rule of Reason, ECF No. 4; (3) Motion for the Court to Inform the Plaintiff of its Consideration of Any Presumption of Constitutionality of Any Statute or Court Rule Which Mandate or Delegates Discretionary Power to Dismiss This Case under Any Circumstances, ECF No. 5; and (4) Motion for the Judge to Acknowledge the Attached Affidavit as a Written Statement Containing the Essential Facts of the Offenses Charged, ECF No. 7.

This case was dismissed prior to being served.

**1:17-cv-00468-SAB**

*Gillenwater v. Senior Judge Lodge*

In this case, Mr. Gillenwater sought monetary damages in the amount of $100 million. He accused Senior Judge Lodge of the same conduct that he accused Magistrate Dale, specifically, of violating the criminal statutes "when he abused his discretion and acted while a conflict of interest existed, failing to employ rule of reason analysis prior to issuing an order which can be reviewed for abuse of discretion." ECF No. 2. He filed the same motions, *see* ECF Nos. 3, 4, 5,

**ORDER DECLARING CHARLES LEE GILLENWATER A VEXATIOUS LITIGANT; SETTING UP MISCELLANEOUS FILE ~ 2**

7; and he also filed a Motion Requesting an Evidentiary Hearing to Establish Subject-matter Jurisdiction, Personal Jurisdiction and the Appropriateness of the Venue. ECF No. 6.

The case was dismissed prior to being served.

**2:17-cv-00478-SAB**

*Gillenwater v. Judge Bastian*

In this case, Mr. Gillenwater again sought monetary damages in the amount of $100 million. He also accused this Court of the same conduct as alleged in the two prior cases, as well as failing to employ "the Sherbet test, the Turner test, undue burden doctrine, or conduct an inquiry into allegations of substantial governmental interference." ECF No. 2. He also filed the same motions. *See* ECF Nos. 5, 6, 7, 8, and 9.

The case was dismissed prior to being served.

**2:17-cv-00484**

*Gillenwater v. P.J Dennis*

In this case, Mr. Gillenwater is seeking monetary damages in the amount of $100 million. He is accusing P.J. Dennis, his supervising Probation Officer, of violating criminal statutes "when he abused his discretion while usurping the domain of the impartial civilian grand jury, willfully and intentionally knowing that his actions violated criminal statutes." ECF No. 2. He filed almost identical motions as in the prior cases. *See* ECF Nos. 3, 4, 5, 6, and 7, as well as a Motion Pursuant to Rule 16 Federal Rules of Civil Procedure. ECF No. 12 and a Petition for Emergency Writ of Peremptory Mandamus. ECF No. 14.

The case was dismissed prior to being served.

**1:17-cv-00493-SAB**

*Gillenwater v. Stephen W. Kenyon*

In this case, a significant portion of Mr. Gillenwater's Complaint contains the exact same language he presented in his case against Mr. Dennis and he also

filed the same motions. ECF Nos. 2, 3, 4, 5, 6, and 7.

The case was dismissed prior to being served.

**1:17-cv-00511-SAB**

*Gillenwater v. Tommy Rosser, U.S. Probation*

In this case, Mr. Gillenwater accuses Mr. Rosser, a supervising U.S. Probation Officer, of violating criminal statutes "when he abused his discretion by assigning a probation officer with a conflict of interest to this petitioner's case, while usurping the domain of the impartial civilian grand jury by permitting his officers to conduct illegal searches and seizures in accordance with unconstitutional and unlawful court orders, he did so willfully and intentionally knowing that his actions violated criminal statutes. ECF No. 2. He is seeking $100 million. He also filed the same motions as the prior cases. *See* ECF Nos. 3, 4, 5, 6, 7, and 8.

The case was dismissed prior to being served.

The above-summary of the cases demonstrate that Mr. Gillenwater is filing duplicitous lawsuits against Court personnel, who for the most part, are immune from suit. The fact that in each of these suits he is asking that he be given permission "to act as the prosecution in all future criminal trials" against the named-defendants highlights the frivolous nature of Mr. Gillenwater's Complaints. Each of these Complaints were dismissed before the named-Defendant was served and Mr. Gillenwater's Applications to Proceed *In Forma Pauperis* were denied because the Court concluded the Complaints were frivolous. Based on the frequency of the filing of the Complaints, as well as the fact that the filed Complaints are virtually identical, except for different named-Defendants, the Court concludes that Mr. Gillenwater is abusing the judicial process. As a result, Mr. Gillenwater is prohibited from filing any new or subsequent civil Complaints in the District of Idaho. These sanctions are necessary in order to protect the court staff and court personnel from being named as defendants in

**ORDER DECLARING CHARLES LEE GILLENWATER A VEXATIOUS LITIGANT; SETTING UP MISCELLANEOUS FILE ~ 4**

frivolous lawsuits as well as relieving the court staff from the unnecessary burden that is a result of Mr. Gillenwater's abuse of the judicial process.

Accordingly, **IT IS HEREBY ORDERED**:

1. Charles Lee Gillenwater is prohibited from filing any new or subsequent civil Complaints in the District of Idaho without first obtaining permission from the Court.

2. The District Court Executive is directed to create and maintain a miscellaneous file, assigned to the undersigned judge, with the general title "In the matter of Charles Lee Gillenwater." This miscellaneous file shall serve as the repository of this Order and all documents proffered for filing by Mr. Gillenwater for which authority to file has not been granted. If the Clerk's Office receives a filing from Mr. Gillenwater for which authority has not been granted, the District Court Executive is directed to file the document in the miscellaneous file and no further action is required. The District Court Executive is not required to return the documents to Mr. Gillenwater.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward a copy to Mr. Gillenwater.

**DATED** this 6th day of February 2018.

_____
Stanley A. Bastian
United States District Judge

**ORDER DECLARING CHARLES LEE GILLENWATER A VEXATIOUS LITIGANT; SETTING UP MISCELLANEOUS FILE ~ 5**